IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DEMERY HILL | § | |
| | § | |
| v. | § | C.A. NO. C-09-293 |
| | § | |
| DAN JOSLIN | § | |

**OPINION GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is a federal prisoner currently incarcerated at the Federal Correctional Institution in Three Rivers, Texas. (D.E. 1). On October 29, 2009, Petitioner filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241 to have his time served in state custody applied to his federal sentence. Id. Pending is Respondent's motion to expand the record and for summary judgment. (D.E. 13). Petitioner has not filed a response.[1] For the reasons stated herein, Respondent's motions are hereby GRANTED.

### I. JURISDICTION

Section 2241 petitions must be filed in the district wherein the prisoner is incarcerated. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). Petitioner is incarcerated in Live Oak County, Texas, and jurisdiction is therefore proper in this Court. 28 U.S.C. § 124(b)(6). Furthermore, after consent by the parties, (D.E. 9, 14), this case was referred to a magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 15); see also 28 U.S.C. § 636(c).

### II. BACKGROUND

In April 1994, Petitioner was sentenced to twenty-seven years of imprisonment in Texas state court for a state crime, but it is unclear which court or for what crime. (D.E. 1, at 3). Then,

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

in July 1994, the United States Marshal Service took custody of Petitioner pursuant to a writ of habeas corpus ad prosequendum so that he could be tried for two counts of use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). Id.; (D.E. 13, at 2). Following a plea agreement, Petitioner was convicted and sentenced to twenty-five years of imprisonment and five years of supervised release on February 27, 1995. (D.E. 1, at 3); (D.E. 13, at 8). He was then returned to the custody of the state of Texas to serve the remainder of his state sentence. (D.E. 1, at 3).

On November 7, 2007, Petitioner was transferred to the custody of the Federal Bureau of Prisons ("BOP") to begin serving his federal sentence.[2] Upon his arrival, BOP credited his federal sentence with one day – May 8, 1994 – which had not been applied to any previous sentence. (D.E. 13, at 8-9). The rest of the time Petitioner spent in custody from April 1994 until this transfer was credited to his state sentence. Id. Petitioner inquired with a BOP official about having that block of time credited to his federal sentence, but was instructed that BOP had no authority to address his issue, and that his only remedy was filing a motion pursuant to United States Sentencing Guidelines § 5G1.3. (D.E. 1, at 2).

Petitioner admits he did not pursue any other administrative remedies, but rather filed this petition. Id. Indeed, Martin Joseph Sweaney, an attorney with the United States Department of Justice, who has access to BOP records, testified that Petitioner "never submitted any filing in accordance with the administrative remedy system of the BOP." (D.E. 13, App., at 1-2).

---

[2] In Petitioner's original petition, he claims he was transferred to federal custody on July 11, 2007 (7/11/07). (D.E. 1, at 3). However, Respondent asserts this occurred on November 7, 2007 (11/7/07), (D.E. 13, at 8), and Petitioner acknowledges in a subsequent letter to the Court that the transfer occurred in November 2007. (D.E. 10). Moreover, BOP records indicate Petitioner began serving his federal sentence on November 7, 2007. (D.E. 13, App. Attach. A, at 2).

### III. DISCUSSION

Petitioner claims that the time he served in state custody from April 1994 to November 7, 2007 should be applied to his federal sentence. (D.E. 1, at 1). He argues that he had not yet been sentenced for his state conviction when he was sentenced in federal court, the prosecutor and his attorney in his federal case kept this fact from the district judge, who intended for him to serve no more than twenty-five years in any prison. Id. at 9. Moreover, he asserts that if the district judge had known of his impending state sentence, the judge would have ordered that the federal sentence run concurrently with any state sentence. Id. Additionally, he argues that the sentencing court erred by failing to designate his sentence to run consecutively or concurrently with his state sentence, and by not discussing sentencing factors listed in 18 U.S.C. § 3553(a). Id. at 10. Respondent seeks summary judgment on the grounds that Petitioner's claim is unexhausted and without merit. (D.E. 13).

**A.  Respondent's Motion To Expand The Record Is Granted.**

Rule 7 of the Rules Governing § 2254 Cases allows for a party in a habeas case to expand the record with "additional materials relating to the petition" as long as "the party against whom the additional materials are offered" is given "an opportunity to admit or deny their correctness." A court may apply this rule to § 2241 cases as well. Rule 1(b) of the Rules Governing § 2254 Cases; see also Ortloff v. Fleming, 88 F. App'x 715, 717 (5th Cir. 2004) (per curiam) (unpublished) (applying Rule 6 of the Rules Governing § 2254 to a § 2241 case); Boutwell v. Keating, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (citation omitted).

Here, Respondent has moved that the record be expanded to include a declaration by Martin Joseph Sweaney. (D.E. 13, at 2). Mr. Sweaney, through his position at the Department

of Justice, has access to BOP records, and has testified regarding those records as they apply to Petitioner's history of seeking BOP administrative remedies. Id. at App., at 1-2. Additionally, Mr. Sweaney attached print-outs of BOP records regarding Petitioner's sentence calculations. Id. at App., Attach. A. These materials, therefore, relate directly to the petition seeking to credit Petitioner's sentence with time already served. Moreover, Petitioner received this document as an appendix to Respondent's answer and motion for summary judgment, (D.E. 12, 13), but did not file any response disputing its contents or authenticity. Accordingly, Respondent's motion to expand the record is granted and the record shall include the document appended to Respondent's motion for summary judgment.

**B.     The Standard Of Review For Summary Judgment Motions.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases. Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted). Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant. Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988). Any controverted

evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted).  The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment.  Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (citation omitted).  Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof.  Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted).

**C.     Petitioner Did Not Exhaust His Administrative Remedies.**

The Fifth Circuit has held that before a federal prisoner may file a § 2241 petition for habeas corpus, he "must first exhaust his administrative remedies through the [BOP]."  Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993) (citing United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990)).  Failure to exhaust those remedies properly can lead to dismissal of a § 2241 petition.  Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam).

The BOP uses a three-level administrative remedy process by which prisoners can seek review of any aspect of incarceration.  See 28 C.F.R. § 542.10 et seq.; see also Shah v. Quinlin, 901 F.2d 1241, 1243 (5th Cir. 1990) (discussing BOP administrative remedy procedures).  First,

the inmate must present the complaint informally on a Form BP-8 to a staff member at the facility where he is housed. See 28 C.F.R. § 542.14. If the dispute cannot be resolved informally, the prisoner may initiate the formal three-tiered administrative process by filing a Form BP-9 complaint with the warden within twenty days of the incident. 28 C.F.R. § 542.14. If unsatisfied with the warden's response, he has twenty days to file an appeal with the regional director on a Form BP-10. 28 C.F.R. § 542.15(a). If he is unsatisfied with the regional director's decision, he may file an appeal on a Form BP-11 to the General Counsel within thirty days. Id. Appeal to the General Counsel is the final administrative appeal. Id. These deadlines may be extended when the inmate demonstrates a valid reason for delay. Id.

Here, Petitioner inquired once to a BOP official about having his time served in state custody applied to his federal sentence. It is unclear what form this complaint took, but as Mr. Sweaney's undisputed testimony establishes, Petitioner ended his pursuit of administrative remedies there instead of exhausting them as he was required to do before filing a habeas petition. Accordingly, Petitioner failed to exhaust his administrative remedies.

## D.   Petitioner's Claim Lacks Merit.

Congress has mandated that in certain circumstances a federal sentence should be credited for time already served in state custody:

> (a) Commencement of sentence – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences

>> (1) as a result of the offense for which the sentence was imposed; or
>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. However, a petitioner is not entitled to credit on his federal sentence if the time at issue was credited to his state sentence. See Trejo v. Warden, 238 F. App'x 12, 13 (5th Cir. 2007) (per curiam) (unpublished) (citing § 3538(b)); see also Garza v. Conner, 101 F. App'x 973, 974 (5th Cir. 2004) (per curiam) (unpublished) ("Garza is not entitled to credit toward his federal sentence for time served on his state sentences because he received credit on his state sentences until he was released into federal custody.").

For the entirety of Petitioner's time in custody from April 1994 to November 7, 2007, he was in the primary custody of the state of Texas. He began that period in Texas state custody, and while he did spend time in United States Marshal custody during that time, it was pursuant to a writ of habeas corpus ad prosequendum. Custody such as that does not relinquish a defendant from another sovereign's primary jurisdiction. Richardson v. Outlaw, 274 F. App'x 353, 353-54 (5th Cir. 2008) (per curiam) (unpublished). Rather, habeas corpus ad prosequendum acts only as "a 'loan' of the prisoner" to another sovereign without transferring primary custody. Id. (citing Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980)). It was, therefore, not until Petitioner was transferred to a federal facility on November 7, 2007 that BOP took primary custody of Petitioner and he could begin serving his federal sentence. See 18 U.S.C. § 3585(a).

Furthermore, BOP correctly refrained from crediting Petitioner's federal sentence with time he spent in custody from April 1994 to November 7, 2007 because this time was already

7

credited toward his state sentence. Pursuant to § 3585(b), this time cannot, therefore, be credited toward his federal sentence. See Leal v. Tombone, 341 F.3d 427, 429-30 (5th Cir. 2003) (per curiam) (BOP was not required to credit the time defendant spent in state custody, which was credited toward his state sentence, toward his federal sentence, when defendant was taken into federal custody). BOP was correct, however, in crediting his federal sentence with the one day he spent in custody – May 8, 1994 – that was not before credited to any sentence.

Moreover, the complete lack of factual support for Petitioner's claim that the federal sentencing court would have desired for him to spend no more than twenty-five years in prison, inclusive of any state sentence, dooms his theory from the outset. See Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990) (citations omitted) ("Although pro se habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'").

Finally, the BOP was correct in its computations even if the sentencing court was silent regarding whether Petitioner's federal sentence was to run concurrently with, or consecutive to, his state sentence. Federal law mandates that prison terms imposed at different times are to run consecutively rather than concurrently, unless the sentencing court orders otherwise. 18 U.S.C. § 3584(a). Thus, if the court was indeed silent regarding consecutive versus concurrent terms, as Petitioner claims it was, his state and federal penalties, which were issued at different times, are presumed to run consecutively.

**E.   Petitioner's Claim Partly Involves Matters Inappropriate For § 2241 Review.**

As part of his claims, Petitioner argues that the federal sentencing court erroneously failed to instruct whether his federal sentence would run concurrently with, or consecutive to, his

state sentence, or to list which § 3553(a) factors it considered.

The Fifth Circuit has explained that "[a] writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 are distinct mechanisms for seeking post-conviction relief." Pack, 218 F.3d at 451. A § 2241 petition "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration," while a § 2255 motion "'provides the primary means of collateral attack on a federal sentence.'" Id. (quoting Cox v. Warden, Federal Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)). Section 2255 motions are "warranted for errors cognizable on collateral review that occurred 'at or prior to sentencing,'" and "must be filed in the sentencing court." Id. (internal citations omitted). "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Id. at 452 (citations omitted).

Whether the sentencing court erred at sentencing is an issue properly reserved for a § 2255 motion filed in the sentencing court. Where this Court's review is limited to the scope of § 2241, Petitioner's claim is inappropriate inasmuch as it attacks failures of the sentencing court. Accordingly, Petitioner's argument that the sentencing court erred is outside this Court's jurisdiction.

## IV.  CONCLUSION

Based on the foregoing reasons, Respondent's motion for summary judgment, (D.E. 13), is granted.  Accordingly, the petition is dismissed.

Ordered this 26th day of March 2010.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE